UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KYLE WILSON,

Petitioner,

v.

TIMOTHY FILSON,

Respondents.

Case No. 3:18-cv-00160-HDM-CBC

ORDER

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss arguing that Ground one of petitioner Wilson's habeas petition (ECF No. 6) is moot. ECF No. 14.

In Ground One, Wilson alleges a violation of his constitutional right to effective assistance of appellate counsel premised on appellate counsel's failure to brief a double jeopardy issue as ordered by the Nevada Supreme Court on November 14, 2014. In Wilson's state post-conviction proceeding, however, the state district court granted relief on Wilson's underlying double jeopardy claim. ECF No. 24-7. On appeal, the Nevada Court of Appeals determined the same claim Wilson now raises as Ground One was rendered moot by the lower court's decision. ECF No. 24-22, p. 2-3.

This court concludes that Ground One is moot in this proceeding as well because Wilson has already been granted all available relief for the claim. *See United States v.*

*Huguez-Ibarra*, 954 F.2d 546, 553 (9th Cir. 1992) (Appellant's assertion that his conviction was based on an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963) was moot due to reversal of Appellant's conviction on other grounds). Alternatively, the claim is without merit because Wilson is not able meet the prejudice requirement for an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (To establish ineffective-assistance-of-counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense.).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 14) is GRANTED. Ground One of the petition for writ of habeas corpus (ECF No. 6) is DISMISSED for reasons discussed above.

IT IS FURTHER ORDERED that respondents shall have 45 days from the date of this order to file their answer to the remaining claim in the petition (ECF No. 6). In all other respects, the scheduling of this matter is governed by the scheduling order entered June 6, 2018 (ECF No. 5).

IT IS FURTHER ORDERED that respondents' motion for extension of time (ECF No. 11) is GRANTED *nunc pro tunc* as of August 3, 2018.

DATED THIS 19th day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE