UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KYLE WILSON,

        Petitioner,

v.

PERRY RUSSELL,[1]

        Respondent.

Case No. 3:18-cv-00160-HDM-CLB

ORDER

Before the court for a final decision on the merits is a petition for a writ of habeas corpus filed by Kyle Wilson, a Nevada prisoner. ECF No. 6. Wilson's petition contains two claims for relief, one of which (Ground One) was dismissed as moot because the relief available under the claim had already been granted by the state court. ECF No. 30. Wilson's other claim (Ground Two) alleges his conviction and sentence violate his constitutional right to be free from double jeopardy. For the reasons set forth below Ground Two lacks merit, so the petition will be denied.

I. BACKGROUND

After a 2013 jury trial in the Eighth Judicial District Court for Clark County, Nevada, Wilson was convicted of burglary, battery with intent to commit a crime

---

[1] Because petitioner is currently housed in Northern Nevada Correctional Center, the warden of that facility, Perry Russell, is substituted for Timothy Filson as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (noting that the default rule is that the proper respondent is the warden of the facility where the prisoner is being held).

(robbery), battery, and attempted robbery. On direct appeal, the Nevada Supreme Court affirmed the judgment of conviction. Wilson then filed a petition for writ of habeas corpus in the state district court. The state district court determined that the battery conviction violated the Double Jeopardy Clause and ordered it dismissed, but otherwise denied relief. In 2018, the Nevada Court of Appeals affirmed that decision on appeal. Wilson then filed his federal petition for writ of habeas corpus.

## II. STANDARD OF REVIEW

The standard of review applicable to habeas corpus petitions seeking relief from a state court judgment of conviction is set forth at 28 U.S.C. § 2254(d), provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of § 2254(d), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (first quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and then citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 75. "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Id*.

III.  DISCUSSION

In Ground Two, Wilson contends his judgment of conviction violates the Double Jeopardy Clause because battery with intent to commit robbery is a lesser-included offense of attempted robbery.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The "central purpose of the Double Jeopardy Clause [is] to protect [a defendant] against vexatious multiple prosecutions." *United States v. Wilson*, 420 U.S. 332, 343 (1975). "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir.2005). Where the same act constitutes a violation of two distinct statutes, the test to determine whether there are two offenses or only one for double jeopardy purposes is whether each offense "requires proof of a fact which the other does not." *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The Nevada Court of Appeals addressed the issue presented by Ground Two as follows:

> Multiple convictions for a single act do not violate the Double Jeopardy Clause when "each offense contains an element not contained in the other." *Jackson v. State*, 128 Nev. 598, 607, 291 P.3d 1274, 1280 (2012) (quotation marks omitted) (applying the *Blockburger* test). Battery with intent to commit robbery requires the "use of force or violence upon the person of another," *see* NRS 200.400(1)(a), while attempted robbery does not require any contact with the victim, *see* NRS 200.380(1) (requiring "force or violence *or fear of injury*" (emphasis added)). At the same time, attempted robbery requires the attempt to unlawfully take personal property, *see* NRS 193.330(1); NRS 200.380(1), while battery with intent to commit robbery does not require any overt attempt to take

3

|   |   |
|---|---|
| 1 | personal property, see NRS 200.400(2). Each crime therefore contains an element the other does not. Accordingly, convictions for both crimes do not violate the Double Jeopardy Clause. |
| 2 | |
| 3 | ECF No. 24-22 at 3-4. |

This court sees no flaw in the state court's application of the *Blockburger* test. To convict Wilson of attempted robbery, the State was required to prove both the intent to commit robbery and the performance of an overt act towards the commission of the crime. *See Larsen v. State*, 470 P.2d 417, 418 (Nev. 1970) (defining elements of attempt to commit a crime under Nevada law); ECF No. 20-2 at 21 (jury instruction defining elements of attempt). The conviction for battery with intent to commit robbery did not require proof of an overt act. *See* Nev. Rev. Stat. § 200.400; ECF No. 20-2 at 14 (jury instruction defining battery with intent to commit battery). Similarly, "battery requires actual physical contact" while "robbery requires only fear of injury, with or without contact." *Zgombic v. State*, 798 P.2d 548, 552 (Nev. 1990) *superseded by statute on other grounds* as stated in *Steese v. State*, 960 P.2d 321, 324 n. 6 (Nev. 1998).

The state court's decision to reject Wilson's double jeopardy claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent, as no double jeopardy violation occurred. 28 U.S.C. § 2254(d). Thus, Ground Two is denied.

IV. CONCLUSION

Wilson has not demonstrated that he is in custody in violation of his rights under federal law. Therefore, his petition for a writ of habeas corpus is denied.

*Certificate of Appealability*

Because this is a final order adverse to the petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in adjudicating Wilson's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Wilson's habeas claims.

IT IS THEREFORE ORDERED that Wilson's petition for writ of habeas corpus (ECF No. 6) is DENIED. The Clerk shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED THIS 20th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE